IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

---

Skytruck Company, LLC, a Florida Corporation,

      Applicant,

vs.

Sierra Nevada Corporation, a Nevada Corporation,

      Respondent.

---

### Application for an Order to Show Cause Why a Subpoena Should Not Be Enforced

1. This is an action for enforcement of a subpoena issued pursuant to Fed. Rule of Civ. Proc. 37(a)(3)B(iv).

2. This Florida District Court has subject matter jurisdiction over this action under 15 U.S.C. §§ 1114(1), 28 U.S.C. §§ 1331 and 1332(a)(1). Venue in this court is proper under Fed. Rule of Civ. Proc. 37(a)(2).

3. Applicant Skytruck Company, LLC ("Skytruck") is the plaintiff in an action pending in the United States District Court for the Middle District of Florida Case No. 2:09-cv-00267-CEH-SPC. (the "Action")

4. Respondent, Sierra Nevada Corporation, ("SNC") is a Nevada corporation which is registered to do business and does extensive and widespread business in Colorado.  SNC is not a

party to the Action, but was substantially involved in the underlying transaction and could have anticipated that it would spawn litigation – to wit:

From 1995 until 2008 Skytruck and its predecessor marketed and sold the certain Aircraft manufactured in Poland by PZL, a defendant in the Action (the "Aircraft") (Complaint in the Action ¶¶ 8 and 9 attached hereto as Exhibit A.) In August 2006 SNC contacted Skytruck for information regarding the purchase of Aircraft from Skytruck to fulfill the procurement requirements of a USAF contract. (Complaint ¶ 26.)  In October 2007 SNC requested a meeting at PZL in Poland with USAF officials (the "Factory Visit") and a flight demonstration of the Aircraft in Denver Colorado (the "Demonstration") for the benefit of SNC and the USAF.  (Complaint ¶ 29.)  Before arranging the Demonstration and the Factory Visit, Skytruck requested SNC sign a non-circumvention agreement (the "NCA").  Under its terms, SNC agreed not to contact PZL or enter into any business relations with PZL without the express consent of Skytruck and without providing for compensation acceptable to Skytruck. (Complaint ¶ 30.) In November 2007, Skytruck flew the Aircraft to Denver, Colorado and provided test flights as requested by SNC and the USAF. (Complaint ¶ 33.) SNC confirmed the Aircraft passed the test flights and was to be purchased for the USAF contract. (Complaint ¶ 34.) Skytruck arranged the Factory Visit but PZL and its parent Sikorsky Aircraft Company refused to allow Skytruck to attend. (Complaint ¶¶ 35 and 36.)  Skytruck consented under the terms of the NCA, to allow SNC to contact PZL directly but did not consent, and never consented to allow SNC to enter into any business relationship with PZL. (Complaint ¶ 37.)  On January 7,

2008, Skytruck wrote to SNC offering Skytruck's express consent for SNC to enter into a business relationship with PZL in return for acceptable compensation.  SNC rejected Skytruck's offer and on February 4, 2008 SNC purported to unilaterally terminate the NCA. (Complaint ¶ 41.) Since January 7, 2008, in breach of the NCA, PZL sold SNC ten or more Aircraft without providing any compensation to Skytruck. (the Transaction")(Complaint ¶ 42.) Skytruck threatened a civil action against SNC for breach of the NCA. This dispute was settled on or about December 5, 2008.  (Complaint ¶ 43.) The Action seeks damages from Sikorsky and PZL for tortuous interference leading to SNC's breach of the NCA and unjust enrichment, among other things, all arising out of the Transaction.

5.  In October 2009, Skytruck served on SNC in Colorado a subpoena *duces tecum* for documents related to the purchase of the Aircraft and sale to the USAF.  SNC objected on October 29, 2009 based in part on the fact that the subpoena was not on a District of Colorado form.  (Exhibit B) This error was corrected and SNC's counsel agreed to accept service of the District of Colorado by email and it was served on November 6, 2009. (Exhibit C)

6.  Since October 2009 the parties attempted to negotiate this discovery dispute but to date, SNC has not produced any documents. (See emails attached as Exhibit D) On April 30, 2010, SNC presumably sent documents responsive to the subpoena to the US Air Force for review (Exhibit E).

7.  The scope of the subpoena *duces tecum* is narrowly defined to relate to the Transaction and the issues that arising in the Action, i.e. communications between SNC, Sikorsky, PZL and the USAF that resulted in the breach of the NCA and unjust profits inuring to the benefit of

Sikorsky and PZL. The subpoena is not overly burdensome in that there were few SNC employees involved in the transaction in whose files the documents sought are likely to be found.

8. Although Fed. Rule of Civ. Proc 45(c) ordinarily requires the requesting party to reimburse the expenses of a third party subpoena, expenses should not be awarded where as here, SNC was substantially involved in the Transaction and could have anticipated that the it would reasonably spawn some litigation.

> "'Protection from significant expense does not mean that the requesting party necessarily must bear the entire cost of compliance.' *Linder v. Calero-Portcarrero*, 180 F.R.D. 168, 177 (D.D.C. 1998) (quoting *In re Exxon Valdez,* 142 F.R.D. at 383). The *Exxon* court explained that "there is no indication that [the drafters of new Rule 45] also intended to overrule prior Rule 45 case law, under which a nonparty can be required to bear some or all of its expenses where the equities of a particular case demand it." *In re Exxon Valdez*, 142 F.R.D. at 383. The relevant factors employed to determine how much of the production expense the requesting party should bear include "whether the nonparty actually has an interest in the outcome of the case, whether the nonparty can more readily bear the costs than the re-questing party, and whether the litigation is of public importance." *Linder*, 180 F.R.D. at 177 (citing *In re Exxon Valdez*, 142 F.R.D. at 383). … Where a nonparty was "substantially involved in the underlying transaction and could have anticipated that [the failed transaction would] reasonably spawn some litigation," *Tutor-Saliba*, 32 Fed. Cl. 609, 610 n.5, expenses should not be awarded." *First American v Price Waterhouse* 184 F.R.D. 234, 241 (SDNY 1998)

9. The Respondent has not filed a petition to revoke or modify the subpoena.

10. The Respondent has failed and refused to comply with the subpoena.

11. The Respondent's failure to comply with the subpoena has delayed and hampered the Action.

WHEREFORE, Skytruck prays:

    a) That the Court issue and Order directing the Respondent to appear before this Court and to show cause, if there be any, why an Order should not issue directing the Respondent to comply with the subpoena;

b) That upon return of the Order to Show Cause, an Order issue directing the Respondent to comply with the subpoena at its own expense; and

c) That Skytruck be granted its costs and such other further relief as may be necessary and appropriate

DATED this 2nd day of May 2010.

          Schultz and Associates

          By  /s Robert Schultz

          Robert Schultz
          9710 W. 82nd Ave.
          Arvada, CO 80005
          Tel (303) 456-5565
          Fax (303) 456-5575

          Attorney For Petitioner
          Skytruck Company LLC